IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

REY RODRÍGUEZ-AYALA,

    Plaintiff,

    v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

CIVIL NO.: 07-1157 (MEL)

**OPINION AND ORDER**

**I.   PROCEDURAL HISTORY**

On February 26, 2007, plaintiff Rey Rodríguez-Ayala ("Rodríguez-Ayala" or "plaintiff") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Commonwealth of Puerto Rico and the Secretary of the Department of Corrections and Rehabilitation, Miguel Pereira-Castillo ("Pereira-Castillo" or "movant"). (Docket No. 2.) All claims against the Commonwealth of Puerto Rico were subsequently dismissed due to its immunity under the Eleventh Amendment. (Docket No. 21.) Pereira-Castillo filed his answer on December 8, 2009. (Docket No. 23.)

On May 7, 2010, plaintiff – represented by counsel – filed an amended complaint against Pereira-Castillo in his personal capacity, his wife and the conjugal partnership they comprise, as well as the unnamed employees of the Bayamón Correctional Institution 308 who allegedly beat plaintiff and the unnamed director of the facility at that time, asserting claims under Section 1983 based on

1

violations of the Eighth and Fourteenth Amendments, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141. (Docket No. 39.) Plaintiff has since identified the guards in question as Manuel López-Jiménez ("López-Jiménez") and Félix Serrano-Cruz ("Serrano-Cruz"), who is deceased, and amended the complaint again (the "second amended complaint") accordingly.[1] (Docket Nos. 58; 64.)

Pending before the court is movant's motion to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") and plaintiff's opposition.[2] (Docket Nos. 43, 49, 66.)

## II. FACTUAL BACKGROUND

Plaintiff claims that on July 1, 2006, while in custody at the Bayamón Correctional Institution 308 as a pretrial detainee, he was assaulted – without justification – by two officers, defendants López-Jiménez and Serrano-Cruz. (Docket No. 64, ¶ 10.) As a result of the attack, the second amended complaint states that plaintiff suffered bodily injuries, including an open wound over his right eyebrow that required six stitches and caused loss of vision in his right eye and severe headaches. (Docket No. 64, ¶ 11.) Plaintiff contends that the attack was orchestrated by correctional facility supervisors, noting that it took place 15 minutes after a correctional officer had visited plaintiff to inform him that he was to be transferred due to rumors that he was going to be killed. (Docket No. 64, ¶ 12.) Plaintiff claims that such rumors were false. (Docket No. 64, ¶ 13.)

---

[1] As plaintiff failed to identify the director of the Bayamón facility, all claims against him or her have been dismissed. (See Docket No. 67.)

[2] Movant previously filed a motion to dismiss plaintiff's first amended complaint, which plaintiff opposed. (Docket Nos. 43, 49.) As movant's motion to dismiss plaintiff's second amended complaint raises no new substantive arguments, plaintiff's opposition to movant's original motion will be deemed an opposition to the instant motion. (Docket No. 66).

### III. LEGAL ANALYSIS

#### A. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." <u>Rodriguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 599). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. <u>See</u> <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 51 (1st Cir. 1990). While <u>Twombly</u> does not require of plaintiffs a heightened fact pleading of specifics, it does require enough facts to have "nudged their claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> at 555.

In <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court upheld <u>Twombly</u> and clarified that two underlying principles must guide this court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1949-50. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for

relief survives a motion to dismiss."³ Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Iqbal, 129 S.Ct. at 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

### B. Plaintiff's Section 1983 Claim

Movant argues that plaintiff's Section 1983 claims against him should be dismissed because the second amended complaint is "not supported by adequate factual allegations to sustain a claim of supervisory liability against [movant]," and thus fails to state a claim under which relief can be granted. (Docket No. 66, 2, 11-16.) Pereira-Castillo also maintains that plaintiff's claims under the Eighth Amendment should be dismissed due to Rodríguez-Ayala's status as a pretrial detainee. (Docket No. 66, pp. 8-9.)

<u>Claims Under Eighth and Fourteenth Amendments</u>

Plaintiff asserts violations of his constitutional rights under the Eighth and Fourteenth Amendments.⁴ (Docket No. 64, ¶ 27.) However, the Eighth Amendment only applies to convicted

---

³ The First Circuit has recently relied on these two principles as outlined by the Supreme Court. See Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009).

⁴ Plaintiff's second amended complaint also states that the Fifth Amendment serves as a basis for subject matter jurisdiction in this action. (Docket No. 64, ¶ 2.) However, the Fifth Amendment applies "only to actions of the federal government – not to those of state or local governments," and thus does not apply in this case. Martinez-Rivera v.

4

inmates, not to pretrial detainees. Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002). Since the alleged attack on Rodríguez-Ayala occurred while he was a pretrial detainee (Docket No. 64, ¶ 10), plaintiff's claims against Pereira-Castillo under the Eighth Amendment are hereby DISMISSED.[5]

Instead, plaintiff is protected under the Fourteenth Amendment Due Process Clause. Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002). Under the Fourteenth Amendment, a pretrial detainee has a right to be free from punishment prior to conviction. Surprenant v. Rivas, 424 F.3d 5, 13 (1st Cir. 2005); see Bell v. Wolfish, 441 U.S. 520, 535, 545 (1979) (stating that the Due Process Clause protections are at least as great as those under the Eighth Amendment). Although a pretrial detainee may be disciplined for an institutional infraction committed during the period of his detention, the discipline imposed must be proportionate to the gravity of the infraction. Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 318 (1st Cir. 1995). An arbitrary or disproportionate sanction, or one that furthers no legitimate penological objective, constitutes punishment and is therefore prohibited by the Fourteenth Amendment. Rivas, 424 F.3d at 13 (citing Bell, 441 U.S. at 538-39). In this case, plaintiff alleges that he was beaten by two guards "with no justification whatsoever." (Docket No. 64, ¶ 10.) Such allegation – if proven – certainly would qualify as an "arbitrary" and "disproportionate" sanction and, thus, as a constitutional violation under the Fourteenth Amendment.

Failure to State a Claim Under Section 1983

---

Ramons, 498 F.3d 3, 8 (1st Cir. 2007) (citation omitted). (Docket No. 66, pp. 7-8.)

[5] Since plaintiff's Eighth Amendment claim is equally unavailable against any other defendant, said claim is dismissed as well with respect to López-Jiménez and Serrano-Cruz.

Plaintiff asserts a federal claim under Section 1983, which allows individuals within the United States to vindicate substantive rights under the United States Constitution and federal laws through a civil action in federal court. Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 99 (1st Cir. 2004) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). Supervisors – such as Pereira-Castillo – may only be held liable under the statute on the basis of their own acts or omissions; supervisory liability cannot be predicated on a respondeat superior theory. Whitfield v. Melendez-Rivera, 431 F.3d 1, 14 (1st Cir. 2005); see Iqbal, 129 S. Ct. at 1948 ("because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Thus, supervisory liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization. Whitfield, 431 F.3d at 14 (citing Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999)). Absent direct participation, a supervisor may only be held liable where "(1) the behavior of [his] subordinates results in a constitutional violation and (2) the [supervisor's] action or inaction was 'affirmatively link[ed]' to the behavior in the sense that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence ... amounting to deliberate indifference.'" Id. (quoting Hegarty v. Somerset County, 53 F.3d 1367, 1379-80 (1st Cir. 1995) (citation omitted)).

In the instant case, Plaintiff alleges that his constitutional rights were violated when he was beaten by defendants López-Jiménez and Serrano-Cruz. (Docket No. 64, ¶¶ 9-10.) Plaintiff does not allege that movant directly participated in the alleged beating, but rather that Pereira-Castillo's actions were affirmatively linked to the beating through his "non-discretionary obligations to take

<2010-06-11 19:19:09.2>
</2010-06-11>

proper care of his wards."[6]  (Docket No. 64, ¶ 7.)  Pereira-Castillo does not dispute that the alleged acts in question were committed under color of state law or that the officers' attack on plaintiff – if proven – would qualify as a deprivation of plaintiff's constitutional rights.  (Docket No. 66, pp. 9-10.)  Instead, movant argues that such allegations fail to state a claim upon which relief may be granted.

To make such a determination under the standard set forth in Iqbal, a court must separate out merely conclusory pleadings and focus on the remaining well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief.  Iqbal, 129 S. Ct. at 1950.  However, in this case, all of plaintiff's allegations against movant are legal conclusions couched as factual allegations.  (Docket No. 64, ¶¶ 7, 21.)  Even read in a light most favorable to plaintiff, the only allegations regarding Pereira-Castillo's conduct alleged in the second amended complaint are that: i) he did not implement, apply and enforce the regulations and standards of the Department of Corrections and Rehabilitation, ii) he – along with all Department of Corrections and Rehabilitations supervisors – failed to adequately monitor those in their charge, and iii) defendants, including movant, "knowingly permitted a reign of terror and violence by the Tactical Operations Unit of the Department of Corrections."  (Docket No. 64, ¶¶ 7, 21, 26.)  Such allegations fail to allege any specific conduct by Pereira-Castillo and, moreover, simply mirror the standard for Section 1983 cases, requiring a plaintiff to assert that a supervisor – absent direct participation – "encourage[d], condon[ed], ... acquiesce[d] to or [was] grossly negligent [of]" the constitutional violation. Whitfield, 431 F.3d at 14; see Sánchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009) (affirming

---

[6]While plaintiff's second amended complaint states that "said conduct and abuses even took place in the presence of institutional supervisory and/or security employees" (Docket No. 64, p. 1), nowhere does plaintiff allege that Pereira-Castillo was present during the attack on plaintiff.  (Docket No. 64.)

dismissal of Section 1983 claims against, *inter alia*, Pereira-Castillo under Iqbal where complaint merely "parrot[ed]" the pertinent liability standard, stating that administrating defendants were "responsible for ensuring that the correctional officers under their command followed practices and procedures [that] would respect the rights and ensure the bodily integrity of Plaintiff" and that "they failed to do [so] with deliberate indifference and/or reckless disregard of Plaintiff's federally protected rights."); Guevara-Lopez v. Pereira, 2009 U.S. Dist. LEXIS 43951, at *10-*11 (D.P.R. May 22, 2009) (court dismissed Section 1983 claim under Eighth Amendment against Pereira-Castillo where allegations "amount[ed] to little more than a conclusory recitation of the legal standard for supervisory liability."); see also Perea v. Pereira, 2010 U.S. Dist. LEXIS 9178, *13-*14 (D.P.R. Jan. 29, 2010) (Section 1983 claim dismissed against Pereira-Castillo, among others, where plaintiff's conclusory allegations failed under the Iqbal/Twombly standard to allege sufficient factual allegations of unlawful conduct that rose above the level of "speculative" or "merely possible or conceivable.").

Accordingly, since plaintiff's second amended complaint does not offer sufficient allegations to create an affirmative link between the alleged beatings and the actions or omissions of Pereira-Castillo, movant's motion to dismiss (Docket No. 66) plaintiff's claims under Section 1983 against Pereira-Castillo is GRANTED.

**C.     Plaintiff's Article 1802 Claim**

Plaintiff also asserts pendant claims against Pereira-Castillo under Article 1802 of the Civil Code. (Docket No. 64, ¶¶ 29-32.) "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."  Rodríguez v. Doral Mortg.

Corp., 57 F.3d 1168, 1177 (1st Cir.1995). Since plaintiff's federal claims against Pereira-Castillo under Section 1983 are dismissed herein, the court declines to exercise jurisdiction over the Article 1802 claim. Movant's motion to dismiss (Docket No. 66) plaintiff's claim under Article 1802 is therefore GRANTED.

## IV. CONCLUSION

Based on the foregoing, movant's motion to dismiss (Docket No. 66) is GRANTED. As to plaintiff's claims against Pereira-Castillo, the court DISMISSES WITH PREJUDICE plaintiff's Section 1983 claim and DISMISSES WITHOUT PREJUDICE plaintiff's Article 1802 claim. The Eighth Amendment claims against López-Jiménez and Serrano-Cruz are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of November, 2010.

s/Marcos E. López
U.S. MAGISTRATE JUDGE